HARRIS COUNTY, Texas, Appellant,

v.

The ESTATE OF Stephanie CICCIA, Deceased; Luz M. Ciccia, as Personal Representative and as Independent Administratrix of the Estate of Stephanie Ciccia, Deceased; Luis Ciccia and Luz M. Ciccia, Individually and as Parents and Next Friends of Stephanie Ciccia, and as Sole Heirs of the Estate of Stephanie Ciccia, Deceased; and Giovanna Ciccia, Individually, Appellees.

No. 01–03–00097–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 2003.

Rehearing Overruled Jan. 16, 2004.

Frank E. Sanders, Assistant County Attorney, Houston, for appellant.

Ross A. Sears, II, Sears & Crawford, L.L.P., Houston, for appellees.

Panel consists of Justices KEYES, ALCALA, and HEDGES [*].

## OPINION

EVELYN V. KEYES, Justice.

This is an interlocutory appeal of the trial court's denial of defendant/appellant Harris County's plea to the jurisdiction.[1] Plaintiffs/appellees—the estate of Stephanie Ciccia, deceased; Luz M. Ciccia, as personal representative and as independent administratrix of the estate of Stephanie Ciccia, deceased; Luis Ciccia and Luz M. Ciccia, individually and as parents and next friends of Stephanie Ciccia, and as sole heirs of the estate of Stephanie Ciccia, deceased; and Giovanna Ciccia, individually—sued the County after Stephanie Ciccia died from injuries that she sustained in an automobile accident. Stephanie was a passenger in a car that crashed into a concrete culvert located at the end of an unfinished, unlit roadway.

In a single issue presented for review, the County contends that the trial court erred in denying its plea to the jurisdiction based on sovereign immunity. We must determine whether the road hazard here resulted from a flawed road design, for which the County does not waive its immunity from suit under the Texas Tort Claims Act, (TTCA),[2] or whether it was a premise or special defect for which the County is liable. Because we conclude the hazard here was a special defect, we affirm.

---

[*] The Honorable Adele Hedges, who became Chief Justice of the Fourteenth Court of Appeals on December 8, 2003, continues to participate by assignment for the disposition of this case.

1. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 1997) (permitting interlocutory appeal of denial of plea to jurisdiction by governmental unit).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

## Facts

As part of a capital improvement road project in Harris County, a median and several turn lanes were constructed on Barker–Cypress road near Keith Harrow Boulevard on what had previously been an undivided four-lane road. The engineering plans included a right-hand turn lane, intended to serve a proposed concrete plant, that was marked with striping, arrows, and the words "right turn only" on the road surface.

The lane was designed to turn into the driveway of the plant, but the plant was never built and no driveway was necessary. The designated right-hand turn lane remained, however, simply ending abruptly. At a later time, after this turn lane was constructed, the County permitted the telephone company to add a concrete culvert several yards beyond the end of the turn lane. This section of road was not lit; there were neither barricades nor signs to warn drivers that the road simply stopped short of a ditch containing a culvert.

Stephanie and Giovanni Ciccia were passengers in a car that drove into this lane at 10:00 p.m. at night, traveled past the end of the road, and struck the concrete culvert, killing Stephanie and injuring Giovanni. The Ciccias sued the County for faulty road design and construction and for failing to warn of a special or premise defect. The County filed a plea to the jurisdiction, which was denied by the trial court, and this interlocutory appeal ensued.

## Plea to the Jurisdiction

In its sole issue on appeal, the County contends the Ciccias' claims arise from its discretionary decisions regarding the road design and the placement of warning signs or traffic control devices, so there is no waiver of immunity.

■ As a preliminary matter, we first address the Ciccias' contention that the County's appeal was not timely filed. Although the Ciccias argue that the notice of appeal should have been filed within 20 days after the *original* order was signed, the rule does not contain the word "original" and the Ciccias offer no authority to support their argument. The order complained of was signed on January 17, 2003, and the notice of appeal was filed on January 23, 2003, well within the 20–day limit. Accordingly, we hold that the notice of appeal was timely filed. *See* Tex.R.App. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"). We will therefore reach the merits of the County's appeal.

## Standard of Review

■ When deciding whether to grant a plea to the jurisdiction, the trial court looks only to the allegations in the plaintiff's pleadings, without considering their merits, to determine if any of the claims raised support its jurisdiction. *Baston v. City of Port Isabel*, 49 S.W.3d 425, 427 (Tex.App.-Corpus Christi 2001, pet. denied). Subject matter jurisdiction is a question of law which this Court reviews de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Our role is to examine the pleadings, taking the facts pleaded as true, and to determine whether those facts support the trial court's jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Here, the Ciccias' pleadings, which we take as true, state claims for negligent road design, premise defect, and special defect.

## Sovereign Immunity

■ In general, governmental entities are immune from tort liability under the

doctrine of sovereign immunity unless the legislature has waived immunity. *Dallas Co. Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998). The Tort Claims Act does not provide a waiver of sovereign immunity for claims arising from "the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(1) (Vernon 1997); *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex. 1999). The discretionary function exception to the waiver of sovereign immunity is designed to avoid judicial review of governmental policy decisions. *Mogayzel v. Texas Dep't of Transp.,* 66 S.W.3d 459, 466 (Tex.App.-Fort Worth 2001, pet. denied).

■ However, the Tort Claims Act does waive a governmental unit's immunity to liability based on violation of "the duty to warn of special defects such as excavations or roadway obstructions." TEX. CIV. PRAC. & REM.CODE ANN. § 101.060(c); *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999). A special defect is a condition of the same kind or class as "excavations or obstructions on highways, roads, or streets" that unexpectedly and physically impairs a vehicle's ability to travel on the roadway, thus presenting "an unusual and unexpected danger to ordinary users of roadways." *Rodriguez,* 985 S.W.2d at 85; *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992) (op. on reh'g). When a special defect exists, the government unit owes the same duty to users that a private landowner owes to an invi-

tee. *Payne,* 838 S.W.2d at 237. That is, the governmental unit must exercise ordinary care to protect the user from a dangerous condition of which the government unit is or reasonably should be aware. *Id.*

■ Whether a condition is a special defect is a question of law for the court. *Rodriguez,* 985 S.W.2d at 85; *Payne,* 838 S.W.2d at 238. Thus, we must determine here whether the facts indicate that the accident resulted from a flawed road design or whether it resulted, instead, from a special defect which the County knew existed.[3]

## Discussion

### Flawed Road Design

■ The Tort Claims Act does not waive sovereign immunity for the discretionary actions of a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056(2); *Rodriguez,* 985 S.W.2d at 85. The design of a roadway is a discretionary function involving many policy decisions; thus, the responsible governmental unit's sovereign immunity is not waived for flawed roadway design. *Id.*

■ Here, the road was initially designed with a designated right-hand turn lane marked with striping, arrows, and the words "right turn only" on the road surface. to serve a proposed concrete plant that was never built. Although the County's construction of the right hand turn lane here was premature, and ultimately unnecessary, we acknowledge that its construction was part of the road design and

---

**3.** Under the Tort Claims Act, if a claim arises from a *premise defect,* a governmental unit owes a claimant only the duty a private person owes to a licensee on private property, unless the claimant pays to use the premises. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1997). The limitation does not apply, however, to the duty of a governmental unit to warn of *"special defects* such as excavations or obstructions on highways, roads, or streets."* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b) (emphasis added); *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999). Although appellant pleaded premise defect, as well as special defect, we do not reach this issue because of our disposition of this case.

not a special defect. The design of a roadway is a permanent feature and thus not an unusual or unexpected danger. *See Villarreal v. State,* 810 S.W.2d 419, 422 (Tex.App.-Dallas 1991, writ denied) (median which was long-standing modification in roadway not special defect). Nor is flawed roadway design of the same nature, kind, or class as an excavation or obstruction which unexpectedly and physically impairs a vehicle's ability to travel on the roadway. *Rodriguez,* 985 S.W.2d at 85–86 (complaints of defective detour design that included 90–degree right turn and no signs warning of sharp turn did not state claim for special defect as matter of law); *see also City of Mission v. Cantu,* 89 S.W.3d 795, 812 (Tex.App.-Corpus Christi 2002, no pet.) (change in road width without warning signs not special defect); *Mogayzel,* 66 S.W.3d at 466 (lack of barriers, guardrails, warning signs, or barrels not special defect); *Wenzel v. City of New Braunfels,* 852 S.W.2d 97, 100 (Tex.App.-Austin 1993, no writ) (inadequate lighting not excavation or roadway obstruction, so not special defect).

We hold that the County did not waive its sovereign immunity to liability for its initial design of the "right turn only" lane. Nevertheless, we conclude that the hazard here was not the result of a flawed road design, but instead resulted from the presence of a special defect. We reach this conclusion for several reasons.

### Special Defect

■ Special defects "unexpectedly and physically impair a vehicle's ability to travel on the road." *Rodriguez,* 985 S.W.2d at 85; *see, e.g., Morse v. State,* 905 S.W.2d 470, 475 (Tex.App.-Beaumont 1995, writ denied) (10″ drop-off along shoulder that prevented car's left wheels from reentering roadway once they slipped off was special defect); *Stambaugh v. City of White Oak,* 894 S.W.2d 818, 820 (Tex.App.-Tyler 1994, no writ) (caved-in portion of road 15′ by 10′ special defect); *State v. Nichols,* 609 S.W.2d 571, 573 (Tex.Civ. App.-Waco 1980, writ ref'd n.r.e.) (3–4′ caved-in portion of highway special defect); *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.) (slick, muddy excavation special defect); *Miranda v. State,* 591 S.W.2d 568, 569 (Tex.Civ.App.-El Paso 1979, no writ) (flood water two feet deep across highway special defect).

■ The dangerous condition need not have been created or caused by the government unit to constitute a special defect for which the governmental unit has a duty to warn. *County of Harris v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978); *Mogayzel,* 66 S.W.3d at 466. Nor need it occur on the road surface itself to constitute a special defect, if it is close enough to present a threat to the normal users of a road. *Peterson v. City of Fort Worth,* 966 S.W.2d 773, 775 (Tex.App.-Fort Worth 1998, no pet.); *Morse,* 905 S.W.2d at 474–75.

The Ciccias rely in particular on this Court's holding in *City of Houston v. Jean,* 517 S.W.2d 596, 599 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.), in which the court held that "a street which suddenly stopped only four feet from a 6 foot ditch and with only a 150 to 250 watt bulb lighting the area constituted a dangerous condition, and that the City was negligent in its failure to warn or protect travelers against such danger." We agree with the Ciccias that the circumstances in this case are virtually indistinguishable from those in *Jean, i.e.,* a road that suddenly ended with a ditch—here, a ditch with a concrete culvert in it—just beyond the road's end and that had inadequate lighting.

■ The culvert located beyond the end of the road onto which the "right turn

only" lane directed traffic satisfies the definition of a special defect as a condition of the same kind or class as an excavation or obstruction that unexpectedly and physically impaired the Ciccias' car's ability to travel on the roadway. There was no indication that the road simply ended, and no lighting by which to see this at night. While the sudden ending of the road onto which traffic was directed could simply have been a nuisance if a car had become mired in unpaved earth, the culvert located just beyond the end of road presented an unusual and unexpected danger to ordinary users of the designated right turn lane. The culvert was not part of the roadway design; nor was the placement of the culvert an initial discretionary decision made in connection with the construction of the "right turn only" lane on Barker–Cypress Road. Rather, the culvert was added by a third party with the County's permission after the right turn lane had been constructed; thus the County knew of this dangerous condition and had a duty to warn of the special defect. *See Payne,* 838 S.W.2d at 237.

Even though the construction of the designated "right turn only" lane here was an initial discretionary decision of the County that was subject to immunity under section 101.060(a) of the Civil Practice and Remedies Code, the County's immunity to liability for failure to warn about the unlit culvert beyond the end of the road was still waived by section 101.060(b). *See Rodriguez,* 985 S.W.2d at 86 (even if sign placement decisions were discretionary, State still waived immunity if detour's alleged defects were special defects). Accordingly, we hold that the unlit culvert yards beyond the end of the road was a special defect and that the County was not immune from liability for its failure to warn of the defect.

The trial court did not err in denying the County's plea to the jurisdiction.

We affirm the trial court's order.