Opinion issued August 19, 2004








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00831-CV




CITY OF HOUSTON, Appellant

V.

KENNETH S. JONES, Appellee




On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 736,724 




MEMORANDUM OPINION ON REHEARING
          Appellee, Kenneth S. Jones, has filed a motion for rehearing. We deny
rehearing, withdraw our opinion of July 1, 2004, issue this new opinion in its stead,
and vacate our July 1, 2004 judgment.
          In an interlocutory order, the trial court denied appellant City of Houston’s
(“the City”) plea to the jurisdiction. In his live pleading, appellee Kenneth R. Jones
sues the City for breach of contract, asserting that the City breached a settlement
agreement it had with him, which Jones alleges settled tort claims he had against the
City. In its sole issue, the City contends that the trial court erred in denying its plea
to the jurisdiction because it is entitled to immunity from suit.



          We affirm.
Procedural Background
          On June 23, 2000, Jones filed suit against his neighbor and the City. Jones
asserted tort claims that arose out of demolition work completed by his neighbor
under a permit issued by the City. Particularly, Jones alleged that his home was
damaged as a result of his neighbor’s demolition work. 
          In a later-filed, supplemental petition, Jones added a breach of contract claim
against the City, alleging that the City and Jones had entered into a settlement
agreement relating to Jones’s tort claims and that the City had breached that
agreement, which in turn caused Jones to incur damages. 
          In his second amended petition, which is his live pleading, Jones abandoned
his tort claims and asserted only his breach of contract claim against the City. 
Specifically, Jones asserts the following allegations in support of his breach of
contract claim:
          •        In October 2001, the City reached a settlement agreement with Jones in
which the City agreed to enroll Jones in a home repair program
administered by the City. 
 
          •        Because the home repair program was full at that time, the City agreed
to provide Jones with subsidized housing until Jones’s home was 
repaired. At the time of the filing of his second amended petition, Jones
remained in subsidized housing.
 
          •        The City breached the settlement agreement when it informed Jones that
he would not be enrolled in the home repair program.
 
          •        The City’s breach of the settlement agreement caused Jones to suffer
damages. Particularly, Jones lost the benefits that he was promised
under the settlement agreement. Additionally, since entering into the
settlement agreement, Jones’s home has been vacant and has
deteriorated. Jones also has incurred costs in storing his personal
belongings as a result of entering into the agreement.
 
In his second amended petition, Jones also asserts, inter alia, that the City’s immunity
from suit is waived by article II, section 1 of the City’s charter, which provides that
the City “may sue and be sued . . . in all courts and places and in all matters whatever
. . . .”


 
          After Jones filed his second amended petition, the City filed its “Second Plea
to the Jurisdiction.” In its plea, the City argued that the charter’s “sue or be sued”
language does not waive its immunity from suit but, rather, speaks to the City’s
capacity to sue once immunity has been waived. After considering the City’s plea,
the trial court signed an order denying the City’s “Second Plea to the Jurisdiction.” 
The trial court specifically stated in the order that the plea is “denied as to the issue
of enforcement of the settlement agreements in this case.” 
          The City appeals the order, contending in one issue that the trial court erred in
denying its plea to the jurisdiction.
Standard of Review
          When deciding whether to grant a plea to the jurisdiction, the trial court looks
only to the allegations in the plaintiff’s pleadings to determine if any of the claims
raised support its jurisdiction. Harris County v. Estate of Ciccia, 125 S.W.3d 749,
752 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); Baston v. City of Port Isabel,
49 S.W.3d 425, 427 (Tex. App.—Corpus Christi 2001, pet. denied). Subject matter
jurisdiction is a question of law that this Court reviews de novo. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Our role is to examine the pleadings,
taking the facts pleaded as true, and to determine whether those facts support the trial
court’s jurisdiction. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993); Ciccia, 125 S.W.3d at 752. Here, Jones’s live petition, which we take
as true, states only a claim for breach of contract.
General Principles of Sovereign Immunity 
          Sovereign immunity protects the State, its agencies and officials, and political
subdivisions of the State from suit, unless immunity from suit has been waived. Gen.
Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). The
sovereign immunity of the State inures to the benefit of a municipality insofar as the
municipality engages in the exercise of governmental functions, except when that
immunity has been waived.


 See Fort Worth Indep. Sch. Dist. v. City of Fort Worth,
22 S.W.3d 831, 840 (Tex. 2000); City of Tyler v. Likes, 962 S.W.2d 489, 501 (Tex.
1997).
          Governmental immunity encompasses two principles: (1) immunity from suit
(barring a lawsuit unless the Legislature expressly gives its consent to suit), and (2)
immunity from liability (protection from judgments even if the Legislature has
expressly given its consent to the suit). Travis County v. Pelzel & Assocs., 77 S.W.3d
246, 248 (Tex. 2002). By entering into a contract, a governmental entity waives
immunity from liability for breaching that contract but does not waive immunity from
suit. See Catalina Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex. 2003);
Little-Tex Insulation, 39 S.W.3d at 594; Dillard v. Austin Indep. Sch. Dist., 806
S.W.2d 589, 592 (Tex. App.—Austin 1991, writ denied).
          A plaintiff has the burden to establish a waiver of immunity from suit. Jones,
8 S.W.3d at 638. Immunity from suit can be waived only by legislative consent or
constitutional amendment. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695
(Tex. 2003). The Texas Supreme Court has repeatedly reaffirmed that such waiver
must be expressed by clear and unambiguous language. Id. at 696; Pelzel, 77 S.W.3d
at 248; Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 854
(Tex. 2002); City of La Porte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995); Duhart
v. State, 610 S.W.2d 740, 742 (Tex. 1980). 
Charter’s “Sue and be Sued” Language is Clear and Unambiguous Waiver 
          As he did in the trial court, Jones contends on appeal that the City’s immunity
from suit is waived by the clear and unambiguous language of article II, section 1 of
the City’s charter, which provides that the City “may sue and be sued . . . in all courts
and places and in all matters whatever . . . .” City of Houston Charter, art. II, § 1
(Act of 1905). We agree. We recently addressed this same issue in United Water
Services, Inc. v. City of Houston, holding that the “sue and be sued” language in the
City’s charter waived its immunity from suit. No. 01-02-01057-CV, slip. op. at p. 21
(Tex. App.—Houston [1st Dist.] Apr. 29, 2004, pet. filed). That holding likewise
applies to this case.
          In its brief, the City contends that it has immunity from Jones’s breach of
contract claim because that claim is “derived from” Jones’s tort claims for which the
City argues it had immunity from suit. The City relies on Texas A & M
University–Kingsville v. Lawson, 87 S.W.3d 518 (Tex. 2002) to support this
contention. However, such reliance is misplaced. The controlling facts in Lawson
are inapposite to the those presented here. 
          In a plurality opinion, the supreme court held in Lawson that, having waived
immunity from suit in the whistleblower act, the State was not allowed to claim
immunity from a suit brought to enforce a settlement agreement reached to dispose
of a whistleblower claim brought under that act. Id. at 522-23. The court reasoned
that to allow the State to claim immunity from suit in the breach of contract action
“would impair the effectiveness of the legislative waiver of immunity expressed in
the Whistleblower Act by pressuring the government and some claimants to remain
in litigation rather than settle.” Id. at 523. 
          The conundrum in Lawson arose because no waiver of immunity from suit
existed for the plaintiff’s breach of contract claim. See id. at 521. Here, we are not
faced with such a dilemma. To the contrary, the language of article II, section 1 of
the City’s charter clearly and unambiguously waives the City’s immunity from suit
for such claims. In this case, unlike in Lawson, it is unnecessary to look at underlying
policy reasons to determine whether immunity from suit has been waived with regard
to Jones’s breach of contract claim. Other than Lawson, the City cites no legal
authority to support its theory that it has immunity from Jones’s breach of contract
claim—a claim for which immunity from suit has been expressly waived—because
that claim is “derived from” Jones’s abandoned tort claims for which the City argues
it had immunity from suit.


 
          Moreover, the City has not alleged that Jones is merely recasting his tort claims
as a breach of contract claim. It is well-established that an action for breach of a
settlement agreement is separate from the underlying claims that the agreement
settles.


 See Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658-59 (Tex. 1996). 
This separateness is demonstrated by the allegations in this case. Here, the factual
bases supporting Jones’s breach of contract claim are distinct from those supporting
his earlier tort claims against the City. Jones primarily based his tort claims against
the City on the City’s issuance of a demolition permit to Jones’s neighbor. In
contrast, Jones’s breach of contract allegations are based on the City’s later conduct
of agreeing to enroll Jones in its home repair program and then reneging on that
promise.


 
          The damages that Jones seeks in his breach of contract action are also distinct
from those he claimed with regard to his tort claims. Jones’s breach of contract
damages are alleged to have been caused by Jones’s reliance on the City’s agreement
to enroll him in the home repair program and the City’s subsequent breach of that
agreement—conduct separate and distinct from the conduct underlying Jones’s tort
claims. 
          We hold that the trial court correctly denied the City’s plea to the jurisdiction
as to Jones’s breach of contract claim. We overrule the City’s sole issue.
 

Conclusion
          We affirm the order of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley