IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00112-CV

 

Julia P. Diaz, Individually and AS 

Representative of the Estate of 

Juan Diaz, Michael Brashear and 

Deborah Stayton,  Individually 

and AS Representatives of the 

Estate of Patrick Brashear, AND 

Bernardo Diaz,  Individually and 

AS Representative of the Estate 

of JaUn Diaz,

                                                                      Appellants

 v.

 

Ellis County, Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 66466

 



MEMORANDUM  Opinion










 

          The trial court granted Ellis County’s plea to the jurisdiction in a suit claiming that the County was liable for
the death of two teenagers when their car fell off a bridge.  We reverse.




Background

          Juan Carlos Diaz was driving on Stacks Road in Ellis County with his friend and passenger, Patrick Wayne Brashear. 
Apparently in an attempt to avoid hitting an animal, Diaz abruptly turned the
car.  The car struck the leading edge of a wooden bridge, flipped over, and
landed upside down in the creek below.  Both boys drowned.

          Appellants[1]
filed suit individually and on behalf of Diaz and Brashear alleging that a
premise defect and/or a special defect on the bridge proximately caused the
boys’ death.  Ellis County filed a plea to the jurisdiction, which was granted.

          On appeal, Appellants argue that the
trial court erred in (1) granting the County’s plea to the jurisdiction because
there is sufficient evidence to waive immunity; (2) granting the County’s plea
to the jurisdiction on the basis that the County had no notice; and (3)
preventing Appellants from conducting discovery by denying their motion to
compel and motion for continuance.  The County brings a cross appeal arguing
that the trial court erred in denying the County’s objections to the
Appellants’ evidence brought in response to the County’s plea.  

The Appellants’ Evidence

          In its cross appeal, the County argues
that the trial court erred in denying the County’s objections to the
Appellants’[2]
evidence because the affidavits submitted were improper.  Appellants submitted
several photographs of the accident scene and the affidavit of Michael Brashear
purporting to identify the photographs.  Appellants also submitted several
newspaper articles reporting on the investigation of the accident and the
affidavit of Robert K. Dowd, one of the Appellant’s attorneys, attesting that
the County had notice of the accident.  Both of the affidavits fail to state
that the facts recited therein are true.  In both instances the affiant states
that he “will testify as to the truth of the matters stated herein if called
upon to do so.”

          We apply an abuse-of-discretion
standard in reviewing whether a trial court erred in admitting or excluding
evidence.  See City of Brownsville v. Alvarado, 897 S.W.2d 750,
753 (Tex. 1995).  An affidavit must be based on the affiant’s personal
knowledge and must state that the recited facts are true.  Majeski v. Estate
v. Majeski, 163 S.W.3d 102, 107 n.1 (Tex. App.—Austin 2005, no pet.)
(citing Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994)); Youngblood
v. U.S. Silica Co., 130 S.W.3d 461, 467-68 (Tex. App.—Texarkana 2004, pet.
denied); Adams v. Reynolds Tile and Flooring, Inc., 120 S.W.3d 417, 423
(Tex. App.—Houston [14th Dist.] 2003, no pet.).  “Any qualification of the
affiant’s personal knowledge will invalidate the affidavit.”  Majeski,
163 S.W.3d at 107 n.1; see Humphreys, 888 S.W.2d at 470-71.  Similarly,
any qualification regarding the truth of the statements in the affidavit, as in
this case, will invalidate the affidavit.  Exito Electronics, Co., Ltd. v.
Trejo, 99 S.W.3d 360, 372 (Tex. App.—Corpus Christi 2003) rev’d on other
grounds 142 S.W.3d 302 (Tex. 2004) (“an affidavit is legally insufficient
if it does not positively and unqualifiedly represent the facts as disclosed in
the affidavit to be true”); Teixeira v. Hall, 107 S.W.3d 805, 810 (Tex.
App.—Texarkana 2003, no pet.) (affidavit must show that the affirmation is “so
positive as to allow perjury to lie”).  Therefore, we find that the trial court
abused its discretion in considering the Appellants’ evidence.  See Alvarado,
897 S.W.2d at 753.  We sustain the County’s cross issue.




Plea to the Jurisdiction

          Appellants argue in their first issue
that the trial court erred in granting the County’s plea to the jurisdiction
because their pleadings allege a valid waiver of immunity under the Texas Tort
Claims Act (TTCA) and because fact issues remain as to whether the roadway
condition at issue is a premise defect or a special defect.

          Whether a trial court has subject
matter jurisdiction is a question of law reviewed de novo.  Tex. Nat. Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

          In general, governmental entities are
immune from tort liability under the doctrine of sovereign immunity unless the
legislature has waived immunity.  Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).  Sovereign
immunity has two components: immunity from liability and immunity from suit.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  Immunity
from suit is waived to the extent of liability created by the TTCA.  Tex. Civ. Prac. & Rem. Code Ann §
101.025(a) (Vernon 1997); Tex. Dept. of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 224 (Tex. 2004).  The TTCA waives a governmental unit's
immunity to liability based on violations of “the duty to warn of special
defects such as excavations or roadway obstructions.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.060(c) (Vernon 1997).

          In a suit against a governmental
entity, the plaintiff must affirmatively demonstrate the court’s jurisdiction
by alleging a valid waiver of immunity, and pleading facts showing that the
trial court has jurisdiction.  Miranda, 133 S.W.3d at 226.  When
deciding whether to grant a plea to the jurisdiction, the trial court looks to
the allegations in the petition together with any relevant jurisdictional
evidence.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  When a plea to the jurisdiction challenges the existence of jurisdictional
facts, implicating the merits of the plaintiff’s cause of action, the trial
court reviews the relevant evidence to determine if a fact issue exists.  Miranda,
133 S.W.3d at 227.

          Special
defects “unexpectedly and physically impair a vehicle’s ability to travel on
the road.”  Harris County v. Est. of Ciccia, 125 S.W.3d 749, 754 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (quoting State v. Rodriguez,
985 S.W.2d 83, 85 (Tex. 1999)).  The condition of the road must be analogous to
and of the same degree as “excavations or obstructions on highways, roads, or
streets.”  Tex. Civ. Prac. & Rem.
Code Ann. § 101.022(b) (Vernon 1997).  It must present “an unusual and
unexpected danger to ordinary users of roadways.”  State Dept. of Highways
& Public Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992); City of Mission v. Cantu, 89 S.W.3d 795, 809 (Tex. App.—Corpus Christi 2002, no pet.).  The
dangerous condition need not have been created or caused by the government unit
to constitute a special defect for which the governmental unit has a duty to warn. 
Est. of Ciccia, 125 S.W.3d at 754 (citing County of Harris v. Eaton,
573 S.W.2d 177, 179 (Tex. 1978)).

          Pictures of the wooden bridge were
introduced into evidence by the County.  They depict a significant hole in
front of the bridge.  Portions of the bridge surrounding the depression appear
to have rotted away, and erosion has occurred immediately before the edge of
the bridge.  One of the wooden planks appears to have been removed from the
edge of the bridge.  Appellants argue that the vehicle struck this depression,
causing the tires to hit the front edge of the bridge and flip over.  The
County argues that this depression is not a special defect because it is not an
unusual or unexpected danger to ordinary users of the road.  They argue that
the ordinary use of the road is to travel on the center of the bridge, and not
to drive off it.  However, the depression, while not in the middle of road, is
still within the parameters of the driving portion of the bridge and can be
considered an obstruction.  In one of the County’s photographs, traffic cones
surrounding the depression are some feet away from the edge of the bridge.  See
e.g. Morse v. State, 905 S.W.2d 470, 475 (Tex. App.—Beaumont 1995,
writ denied) (10 inch drop-off along shoulder that prevented car’s left wheels
from reentering roadway once they slipped off was special defect); Stambaugh
v. City of White Oak, 894 S.W.2d 818, 820 (Tex. App.—Tyler 1994, no writ)
(caved-in portion of road 15 feet by 10 feet special defect); State v.
Nichols, 609 S.W.2d 571, 573 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)
(3-4 foot caved-in portion of highway special defect); State v. McBride,
601 S.W.2d 552, 558 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (slick, muddy
excavation special defect); Miranda v. State, 591 S.W.2d 568, 569 (Tex.
Civ. App.—El Paso 1979, no writ) (flood water two feet deep across highway
special defect).

          Because there is conflicting evidence
as to the character of the depression, fact issues exist as to whether the
depression is a special defect.  Miranda, 133 S.W.3d at 227-28 (“if the
evidence creates a fact question regarding the jurisdictional issue, the trial
court cannot grant the plea to the jurisdiction, and the fact issue will be
resolved by the fact finder”).  Accordingly, we sustain Appellants’ first
issue.

Conclusion

          Because Appellant’s first issue is
dispositive of the case, we need not address their other issues.  We reverse
the judgment of the trial court and remand for further proceedings consistent
with this opinion.   

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

          (Chief
Justice Gray dissents to this opinion issued after rehearing without a separate
opinion.  See withdrawn opinion in this appeal issued April 6, 2005).

Reversed and remanded

Opinion delivered and
filed September 14, 2005

[CV06]

 









    [1]       Appellants
include Julia P. Diaz, individually and on behalf of Diaz, her son, and Michael
Brashear and Deborah Stayton, individually and on behalf of Brashear, their
son.  Afterwards, Bernardo Diaz, Diaz’s father, filed a plea in intervention.

 





    [2]       Bernardo
Diaz, the intervenor, did not submit evidence in response to the County’s plea.