**CITY OF BEAUMONT, Appellant,**

v.

**Freeman LATHAN and Frieda Jenkins, Sole Heirs of the Estate of Effie Lathan, Appellees.**

No. 09–11–00110–CV.

Court of Appeals of Texas, Beaumont.

Submitted June 21, 2011.

Decided July 28, 2011.

Quentin D. Price, Courtney P. Davis, Beaumont, for appellant.

Charlton P. Hornsby, Charlton P. Hornsby, P.C., Beaumont, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant, the City of Beaumont appeals the trial court's order denying its plea to the jurisdiction. The City raises one issue with a number of sub-issues. Essentially, the City asks us to decide whether a pile of debris stacked alongside a roadway constitutes a special defect under the Texas Tort Claims Act ("the Act"). Tex. Civ. Prac. & Rem.Code Ann. § 101.022 (West 2011). We hold that such a condition is not a special defect under the facts of this case and reverse the trial court's denial of the plea to the jurisdiction.

### Factual Background

On December 31, 2008, Effie Lathan and Keith Johnson were involved in a two-car accident at the intersection of Manion Drive and Major Drive, which caused the death of Effie Lathan. The intersection is controlled by a traffic light, and Johnson was ticketed for entering the intersection against a red light on the night of the accident.

Just prior to the accident, Johnson was traveling south on Major, and Lathan was traveling east on Manion leaving her neighborhood. Appellees allege that just prior to impact, Johnson took his eyes off of the roadway to retrieve some cups that had fallen to the floorboard of his vehicle. At the time of the accident, Lathan was turning left onto Major when the vehicle driven by Johnson struck her vehicle while in the intersection. Appellees allege that the debris (tree bushes, branches, limbs, and sticks) stacked alongside Major created a "visual hazard" for drivers on the roadways. According to Appellees, the debris was four to eight feet high and at least thirty to fifty feet long.

Appellees, the children and sole heirs of Effie Lathan, brought a wrongful death and survival action against the City. Appellees alleged, among other things, that the debris alongside Major obstructed both drivers' views, thus, creating an unreasonably dangerous condition that constituted a special defect under the Act. Appellees alleged that this defect was known or should have been known to the City, that the City failed to exercise ordinary care to protect Lathan and Johnson from the danger, and that this failure was a proximate cause of Lathan's death.

Appellees' petition included a section titled "Jurisdiction," which stated, "[t]he court has jurisdiction over this claim because the [Act] waives Defendant's right to sovereign immunity for claims involving personal injury or death caused by special defect that posed an unreasonable risk of harm, about which Defendant would be liable to Plaintiffs under Texas law were it a private person." Appellees' petition also described the debris as "positioned such that Effie Lathan, who was making a left turn from Manion Street onto Major Drive had difficulty seeing traffic to her left and/or said traffic had difficulty seeing her or both."

The City filed a plea to the jurisdiction and alleged that Lathan lived two blocks from the intersection where the accident occurred and it was likely she had traveled through the intersection regularly. In support of their argument that the trial court should deny the City's plea to the jurisdiction, Appellees produced the affidavit of Frieda Jenkins and ten photographs that she took of the debris on the day after the accident. The City argues that these photographs depict a pile of debris off the roadway on the shoulder of Major approximately twenty to fifty feet north of the stop line for the southbound Major lanes of travel. The City further argues that the photographs of the intersection and the pile of debris alongside Major demonstrate that both Lathan and Johnson could have seen the front of the other's vehicle when stopped at the stop lines of the intersection. Appellees do not dispute that the debris was located twenty feet from the intersection of Manion and Major. After a hearing, the trial court denied the City's plea to the jurisdiction.

## Standard of Review

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004). If a plea to the jurisdiction challenges the pleadings, then we must determine if the pleader alleged facts that demonstrate the court's jurisdiction to hear the case. *Id.* at 226. We consider the facts the plaintiff alleges and also the evidence the parties submit, to the extent that the evidence is relevant to the jurisdictional issue. *Houston Mun. Emps. Pension Sys. v. Ferrell,* 248 S.W.3d 151, 156 (Tex.2007) (*quoting Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)). We construe the pleadings in the plaintiff's favor and consider the pleader's intent. *Miranda,* 133 S.W.3d at 226. If the pleadings have

insufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, then the trial court should afford the plaintiffs an opportunity to amend the pleadings. *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.*

### Special Defect

■ Appellees argue that the City is not immune from suit because the debris alongside Major, where the accident occurred, constituted a special premises defect that posed an unreasonable risk of harm under the Act. Our review of whether the pleadings and proof establish a special defect as a matter of law is dispositive of the City's sole issue.

■ A governmental entity is generally immune from suit unless the Texas Legislature waives immunity. *City of Dallas v. Reed,* 258 S.W.3d 620, 622 (Tex. 2008). The Legislature has provided a limited waiver of immunity for tort claims providing that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (West 2011). These tort claims may arise from either an ordinary premises defect or a special defect, depending on the condition of the property. *Id.* § 101.022. Whether the condition is ordinary or special determines the State's standard of care. *Id.* The Code explains this distinction as follows:

(a) Except as provided in Subsection (c), if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets[.]

(c) If a claim arises from a premise defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property.

*Id.* The court determines whether to classify a condition as a premises defect or a special defect on a case-by-case basis.[1] *See State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992) (op. on reh'g). "The class of special defects contemplated by the statute is narrow." *Univ. of Tex. at Austin v. Hayes,* 327 S.W.3d 113, 116 (Tex.2010). While the Legislature does not define special defects, it does liken them to conditions "such as excavations or obstructions on highways, roads, or streets[.]" Tex. Civ. Prac. & Rem.Code Ann. § 101.022(b); *see also Cnty. of Harris v. Eaton,* 573 S.W.2d 177, 178–180 (Tex.1978). In deciding whether a condition is a special defect we consider various characteristics, including:

(1) the size of the condition, (2) whether the condition unexpectedly and physically impairs a vehicle's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger to the ordinary users of the roadway.

---

1. Appellees did not plead a general premises defect.

*Hayes,* 327 S.W.3d at 116. Whether a condition is a special defect depends on "the objective expectations of an 'ordinary user' who follows the 'normal course of travel.'" *Id.*

In *Denton County v. Beynon,* the Texas Supreme Court held that a floodgate arm was not a special defect when it was positioned three feet off of the roadway and the motorist struck the arm after he had lost control of his car. 283 S.W.3d 329, 330–31 (Tex.2009). The Court explained that an ordinary user's "normal course of travel" would have been on the actual road. *Id.* at 332.

The Texas Supreme Court has held that ice on a bridge is not a special defect when there is precipitation accompanied by near-freezing temperatures because "an icy bridge is neither unexpected nor unusual, but rather, entirely predictable." *State Dep't of Highways & Pub. Transp. v. Kitchen,* 867 S.W.2d 784, 786 (Tex.1993). The Court held that "[u]nlike an excavation or obstruction, an icy bridge is something motorists can and should anticipate when the weather is conducive to such a condition." *Id.*

In *Reed,* the Texas Supreme Court held that a two-inch variance in elevation between traffic lanes was not a special defect because a two-inch drop-off is "not in the same kind or class as an excavation or obstruction, [and] there is nothing unusually dangerous about a slight drop-off between traffic lanes in the roadway." 258 S.W.3d at 622. The Court held that "[o]rdinary drivers, in the normal course of driving, should expect these slight variations on the road caused by normal deterioration." *Id.*

In *Hayes,* the Texas Supreme Court held that a metal chain blocking a service driveway on a university campus was not a special defect when the cyclist maneuvered around an orange and white barricade before striking the chain and suffering inju-ries. 327 S.W.3d at 115, 116–17. The Court held that the cyclist did not take the normal course of travel, which would have been to turn back or to take an alternate route when confronted with a barricade erected to alert a user of a closed roadway. *Id.* at 116.

Under these facts, we hold that the debris alongside Major, near the intersection with Manion was neither unexpected, nor unusual: the debris was open, obvious, and would be entirely predictable to an ordinary motorist traveling in Beaumont post-Hurricane Ike in the month of December, 2008. *See Kitchen,* 867 S.W.2d at 786. While the debris allegedly obscured Johnson's view, Appellees did not submit any evidence from Johnson regarding any obstruction of his field of vision caused by the debris and, that fact alone would not make the condition fit into the narrow class of special defects. Additionally, Lathan should have expected and anticipated traffic on Major and if the debris blocked her vision of traffic, such obstruction should have been obvious to her. We therefore cannot place this condition within the "narrow" class of special defects. *See Hayes,* 327 S.W.3d at 116. Accordingly, we hold that the Texas Tort Claims Act does not waive the City's immunity from suit. We further conclude that Appellees had a reasonable opportunity to amend their pleadings to allege sufficient facts to establish waiver of immunity; consequently, a dismissal with prejudice is appropriate. *See Harris Cnty. v. Sykes,* 136 S.W.3d 635, 639–40 (Tex.2004). We reverse the trial court's judgment and dismiss the case for lack of jurisdiction.

REVERSED AND DISMISSED.