Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-11-00005-CV

Reynaldo **YBARRA**,
Appellant

v.

The **COUNTY OF HIDALGO**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-07674
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:     Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 16, 2011

AFFIRMED

Appellant, Reynaldo Ybarra, appeals the trial court's orders granting a motion to dismiss

for lack of jurisdiction and a motion for traditional and no-evidence summary judgment in favor

of appellee, the County of Hidalgo.  We affirm.

### BACKGROUND

On February 18, 2000, appellant, a postal worker, was delivering mail to the Hidalgo

County Administrative Building, which is owned by appellee.  While walking down a hallway

after exiting the elevator, appellant was struck and injured when an emergency stairwell door was opened by Ricardo Ramos, an occupant of the building.  Appellant sued appellee for injuries under the Texas Tort Claims Act.  Appellee filed a motion to dismiss for lack of jurisdiction, asserting governmental immunity.  Appellee also filed a motion for summary judgment asserting governmental immunity.  The trial court granted the motions.

## STANDARD OF REVIEW

In his sole issue on appeal, appellant argues the trial court erroneously granted appellee's motions because appellant produced more than a scintilla of evidence creating a genuine issue of material fact.  Appellant and appellee both agree the motions essentially argue the same point—there is less than a scintilla of evidence supporting appellant's claims.

In this case, the motion to dismiss for lack of jurisdiction, or plea to the jurisdiction, implicates both subject-matter jurisdiction and the merits of the case.  "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).  If no question of fact exists as to the jurisdiction, then the trial court must rule on the plea to the jurisdiction as a matter of law; however, if a fact question is raised, then the jurisdictional issue must be resolved by the fact finder.  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).  This standard of review mirrors our review of summary judgments.  TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 228.  Thus, on our review of both the plea to the jurisdiction and the summary judgment motion, we take as true all evidence favorable to appellant and indulge every reasonable inference and resolve any doubts in his favor.  *Heinrich*, 284 S.W.3d at 378 (citing *Miranda*, 133 S.W.3d at 228).

**GOVERNMENTAL IMMUNITY**

A municipality such as the County of Hidalgo is immune from liability for governmental functions unless that immunity is waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3)(A)–(B), 101.025 (West 2010). However, waiver is limited to certain instances set out in Texas Civil Practice and Remedies Code section 101.021, which provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021. Subsections one and two provide separate and distinct requirements before sovereign immunity is waived. Under subsection one, a governmental unit is liable if an employee negligently operated or used a motor vehicle and "the employee would be personally liable to the claimant according to Texas law." *Id.*; *see also DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). Under subsection two, a governmental unit may be liable for the use or condition of tangible personal property or real property. *DeWitt*, 904 S.W.2d at 653. If an employee misuses tangible personal property, the governmental unit's liability is based on principles of respondent superior. *Id.* However, the condition of real property, unlike tangible personal property, is not dependent on principles of respondent superior. *Id.* Instead, liability is based on the duty of care owed by the governmental unit to the claimant for premises and special

defects as explained in the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.022 ("Duty Owed: Premise and Special Defects").

Here, appellant argues the employment status of Ricardo Ramos is important in determining whether a fact issue exists as to appellee's liability. Appellant argues Ramos is an employee of the County of Hidalgo, while appellee argues Ramos is an employee of the State because he is a probation officer employed by a district judge and paid from State funds. However, we decline to decide whether Ramos is an employee of the county because it does not guide our review of appellant's claim. Appellant does not argue that Ramos was driving a vehicle, nor does appellant argue the door was tangible personal property owned by appellant and used by Ramos. Instead, appellant's claims are based on premises and special defects to real property. *Id.* § 101.021(2). Thus, if the county is liable, it is not based on the "wrongful act or omission or the negligence of" its employee. *Id.* § 101.021(1).

## SPECIAL DEFECT OR PREMISES DEFECT

Appellant contends the door was defective, and thus unreasonably dangerous, because it lacked an important safety device that regulated the speed and force by which it opened. Appellant asserts a safety device on the inside of the door was removed before his injury. Hence, appellant argues this is a premises defect on real property belonging to appellee. Alternatively, appellant claims the defect in the door is a special defect.

The Texas Tort Claims Act provides different standards of care depending on whether a claim arises from an ordinary premises defect or a special defect. *Id.* § 101.022. If the condition is a premises defect, then the county owes the same duty that a private landowner owes a licensee, unless the claimant paid for the use of the premises. *Id.* § 101.022(a). This basic duty is to avoid injuring the claimant willfully, wantonly, or through gross negligence. *State Dep't of*

*Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). The duty also requires ordinary care either to warn a licensee of a dangerous condition, or to make reasonably safe, if the county has *actual knowledge* of a dangerous condition and the licensee does not. *Id.* (emphasis added). If the condition is a special defect, then the county owes the same duty a private landowner owes an invitee. TEX. CIV. PRAC. & REM. CODE § 101.022(b). This higher duty of care requires the county to use ordinary care to warn of a dangerous condition or to make the condition reasonably safe if it knows of or *should have known* of the defect. *Payne*, 838 S.W.2d at 237 (emphasis added).

## A. Special Defect

While the Legislature does not specifically define special defects, it compares them to "excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM. CODE § 101.022(b). "Special defects are unexpected and unusual dangers to ordinary users of the roadway or sidewalk." *City of El Paso v. Chacon*, 148 S.W.3d 417, 422 (Tex. App.—El Paso 2004, pet. denied). Additionally, while the condition on the property does not necessarily have to be on the roadway, it must be "close enough to present a threat to normal users of the road." *Id.* Here, the door and pedestrian walkway complained of was located inside a building and not outside, near a road. Likewise, appellant has presented no evidence that the door presented an excavation or obstruction on an actual highway, road, or street. Thus, the defect, if any, with the door was not a special defect.

## B. Premises Defect

Next, we must determine whether appellant has produced more than a scintilla of evidence of a premises defect. Because appellant did not pay for the use of the premises, he is only a licensee. The elements for a premises liability cause of action involving a licensee are: (1)

a condition on the premises posed an unreasonable risk of harm; (2) the defendant had actual knowledge of the danger; (3) the plaintiff did not have actual knowledge of the danger; and (4) the defendant breached its duty of ordinary care by either failing to warn of the condition or failing to make the condition reasonably safe. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996).

Here, as previously mentioned, appellant argues the safety device designed to regulate the speed by which the door opened and closed was either not attached or had been removed, thus posing an unreasonable risk of harm to anyone on the outside of the door. As proof of the missing device, appellant offers an affidavit by Elvira Garza, a county employee who worked in the building, and deposition testimony by Jose Cantu, Sr., a former postal worker who delivered mail in the building before appellant. Garza claims the door lacked a safety device because she could see and hear the door slam "hard continuously." Cantu asserts the door had no resistance and that the device used to slow the door down was not attached "half the time." Additionally, appellant argues the county knew the door was in disrepair by offering his own deposition in which he claims Ramos told him right after the accident that the door "got away from me."

However, there was no evidence Garza, Cantu, or Ramos reported the broken or missing device to county officials. As such, appellee argues the evidence presented by appellant does not by itself establish that the safety device was not properly attached at the time of the accident or that county officials knew the device was not attached at the time of the accident. We agree. In *City of Dallas v. Thompson*, the evidence established the city knew a cover plate would come loose from the floor and that employees would tighten the plate when this happened. 210 S.W.3d 601, 603 (Tex. 2006). One of the times when the plate was loose, a pedestrian walking over the cover plate fell. *Id.* The Supreme Court upheld the city's summary judgment

determining that the appellant had not presented evidence of the city's actual knowledge of the condition *at the time* of the incident. *Id.* at 604 (emphasis added); *see also Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010). Similarly, in this case, appellant has not presented evidence showing the county actually knew of the missing or broken safety device on the day appellant was injured—or for that matter—the county knew the device was missing or broken at any time in the past.

Appellant also claims appellee knew of the dangerous condition of the door because a sign was posted on the inside warning persons to open the door slowly. However, this evidence does not present a fact issue as to whether the door needed repair or whether it was missing a safety feature regulating how fast the door would swing open.

Consequently, appellant has not produced evidence that the door posed an unreasonable risk of harm or that appellee actually knew of the danger. The evidence produced by appellant only "contemplates the hypothetical knowledge of a dangerous condition, not actual knowledge of a dangerous condition." *Hayes*, 327 S.W.3d at 117. Because there is no evidence showing the county had actual knowledge of a dangerous condition at the time of the incident, appellant failed to establish the elements for a premises defect case.

### CONCLUSION

For the reasons stated above, appellant's claim is precluded by the Texas Tort Claims Act. Therefore, we affirm the trial court's orders granting appellee's motion to dismiss for lack of jurisdiction and motion for summary judgment.

Sandee Bryan Marion, Justice