**Affirmed and Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00853-CV

---

**THE CITY OF HOUSTON, Appellant**

**V.**

**KIJU JOH, Appellee**

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2010-29710**

---

## O P I N I O N

Kiju Joh sued the City of Houston under the Texas Tort Claims Act for personal injuries she allegedly sustained after stepping into an uncovered utility hole in a pedestrian crosswalk in downtown Houston, Texas. The trial court denied the City's plea to the jurisdiction, and this expedited interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008 & Supp. 2011). The City argues on appeal that the trial court erred in denying the plea to the jurisdiction because the uncovered utility hole, as a legal matter, cannot constitute a special defect for which the City's governmental immunity has been waived. We affirm.

BACKGROUND

Joh, a violinist with the Houston Symphony, was crossing the street at the intersection of Travis Street and Texas Avenue on her way to Jones Hall for rehearsal in February 2009.[1] While in the pedestrian crosswalk, Joh allegedly stepped into an uncovered utility hole approximately six inches in diameter, which had a metal rim that went straight down into the hole at a 90-degree angle from the street. Joh's heel and ankle became stuck in the hole, but she quickly extracted her foot and continued crossing the street. Upon reaching the opposite curb, she realized her ankle was severely lacerated. Joh subsequently was taken to the Methodist Hospital and, as the laceration was "contaminated," underwent surgery and follow-up medical care.

Joh sued the City, seeking damages for her injuries and alleging that the uncovered utility hole constitutes a special defect under the Texas Tort Claims Act, for which the City's governmental immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022 (West 2011) (a governmental unit is liable for, among other things, personal injury caused by condition or use of real property; with respect to premises liability, premises owner's duty owed depends on, among other things, whether condition is an ordinary premises defect or special defect); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) ("Political subdivisions of the state, including cities, are entitled to . . . immunity—referred to as governmental immunity—unless it has been waived."). Joh alleges that the City either knew or should have known of the unreasonably dangerous condition, and that the City was negligent in failing to correct or warn Joh about the condition.

The City filed a plea to the jurisdiction, arguing that the uncovered utility hole cannot constitute a special defect because Joh stated in her deposition that she had seen the uncovered utility hole in the crosswalk on previous occasions.[2] The trial court denied

---

[1] These alleged facts are taken from Joh's affidavit, live pleading, and deposition testimony, as well as the jurisdictional evidence proffered by the City.

[2] The City also argued that the uncovered utility hole cannot constitute an ordinary rather than

2

the City's plea to the jurisdiction on September 26, 2011, and the City filed this interlocutory appeal. In one issue, the City argues that the trial court erred in denying the City's plea to the jurisdiction.

## ANALYSIS

Jurisdiction generally is determined from the pleadings alone. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Those pleadings should be construed liberally in favor of the exercise of jurisdiction. *See id.* at 227. And, "if the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact." *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam) (citing *Miranda*, 133 S.W.3d at 227–28).

It is undisputed on appeal that the Texas Tort Claims Act waives immunity for "claims arising out of a condition of real property[;] in other words, a premises defect." *City of San Antonio v. Butler*, 131 S.W.3d 170, 179 (Tex. App.—San Antonio 2004, pet. denied). Section 101.022(a) provides that in premises defect cases, the governmental entity owes to the claimant the same duty of care that a private person owes to a licensee on private property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). Pursuant to section 101.022(b), this "limitation of duty" does not apply "to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets"; the greater duty of care that a private person owes to an invitee applies with respect to such special defects. *Id*. § 101.022(b); *Harris Cnty. v. Eaton*, 573 S.W.2d 177, 180 (Tex. 1978). Joh alleges that the uncovered utility hole constitutes a special defect, and that, pursuant to the invitee standard, the City violated its duty of care owed to Joh with respect to that special defect.

The Legislature has not provided a precise definition for a "special defect." Rather, section 101.022(b) merely "likens [a special defect] to conditions 'such as

---

special premises defect under the Texas Tort Claims Act. Joh concedes on appeal that she does not allege that the hole constitutes an ordinary rather than special premises defect, and we do not address any arguments related to such an allegation.

3

excavations or obstructions on highways, roads, or streets.'" *See Hayes*, 327 S.W.3d at 116 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b)). The issue of whether a premises defect is an ordinary or special premises defect is a question of law for the court to decide. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992).

In determining whether a premises defect falls within the narrow class of special defects contemplated by section 101.022(b), the Texas Supreme Court explained in *Texas Department of Transportation v. York* that certain considerations are relevant to our analysis: (1) the size of the condition; (2) whether the condition unexpectedly and physically impairs normal use of the road by ordinary users; and (3) whether the condition presents some unusual quality apart from the ordinary course of events. *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (describing cases in which these considerations have affected analysis of whether condition is like an excavation or obstruction); *see also Brazoria Cnty. v. Van Gelder*, 304 S.W.3d 447, 452 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). However, the only express statutory requisite is that the defect be "a condition of the same kind or class as an excavation or roadway obstruction." *Denton Cnty. v. Beynon*, 283 S.W.3d 329, 331 n.11, 332 n.15 (Tex. 2009) (holding that neither the Texas Tort Claims Act, nor any authority of the Texas Supreme Court, has engrafted a second, unexpected-and-unusual prong to the special defect analysis or "mandate[d] that the condition, besides being like an excavation or obstruction, also pose an unexpected and unusual danger to ordinary roadway users").[3]

Joh alleges that the hole was "of the same kind or class as an excavation or obstruction." She further alleges that "the resulting hole had sharp metal rimmed edges which unexpectedly and physically impaired a pedestrian's ability to travel the pedestrian

---

[3] The court specifically noted that unexpectedness "seems to matter little" when, for example, a driver "cannot steer the vehicle and is skidding uncontrollably." *Beynon*, 283 S.W.3d at 332 n.15; *cf. Peterson v. City of Fort Worth*, 966 S.W.2d 773, 774 (Tex. App.—Fort Worth 1998, no pet.) (plaintiff argued she was forced onto broken cover of drainage channel that ran beneath sidewalk by crowd of pedestrians congesting sidewalk after bomb threat; however, court ultimately held that broken cover was ordinary premises defect based on additional considerations).

crosswalk." Joh articulates that the defect created an unreasonable risk of harm to her and was known or should have been known to the City. Joh enumerates at least four ways in which the City failed to exercise ordinary care to protect her from the "unexpected and unusual" danger that caused her injury. The City does not dispute that Joh generally has alleged all elements of a claim regarding a special defect for which a waiver of immunity exists. *See TXI Operations v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009) (premises owners have duty to keep invitees safe from premises conditions that pose unreasonable risks of harm, and about which the owner knows or should know; premises owner must protect invitee by either adequately warning of dangerous conditions or making conditions reasonably safe (citing *State v. Williams*, 940 S.W.2d 583, 584–85 (Tex. 1996) (per curiam))).

In an effort to defeat Joh's allegations of a special defect, the City refers to Joh's deposition in which she stated that "in previous times" walking across that street, she had "noticed there was a missing cover to the hole." Thus, the City urges, the defect was not unknown to Joh, and that Joh's special defect claim therefore fails as a matter of law.[4] Specifically, the City argues that "Joh's admitted knowledge of the defect . . . abrogates any claim that the defect was unexpected or unusual," and that the uncovered utility hole therefore cannot be a special defect under section 101.022(b) for which the greater duty owed to an invitee applies. The City argues further that if the greater duty owed to an invitee does not apply because the uncovered utility hole is no more than an ordinary premises defect under section 101.022(a), then Joh's "admitted knowledge of the defect" also precludes her from ultimately establishing that the City violated the lesser duty that a private person owes to a licensee.

The City's argument presents a question of first impression, as no court has expressly decided whether a claimant's actual knowledge of a condition, standing alone, forecloses the application of section 101.022(b). We conclude that the City's argument

---

[4] We do not decide whether Joh's actual knowledge, if proven, would foreclose her claim for reasons other than jurisdiction, as such questions were not presented by the City's plea to the jurisdiction.

5

fails for several reasons.

First, whether the condition in the crosswalk is known to Joh—or even to an ordinary user—is not a jurisdictional fact. Stated differently, the considerations described by the Texas Supreme Court in *York*, including whether the condition is unusual or unexpected, are merely considerations. As previously outlined, the Texas Supreme Court has made clear that these considerations are not elements of proof for a special defect under section 101.022(b). *See Beynon*, 283 S.W.3d at 331 n.11, 332 n.15; *see also York*, 284 S.W.3d at 847 n.3 (noting that court has "recently emphasized" that considerations are used "to describe the class [of special defects], not to redefine it" (internal quotation omitted)).

Second, the claimant's subjective knowledge of the alleged defect is not and has never been among the considerations supplied by the Texas Supreme Court with respect to special defects. *See York*, 284 S.W.3d at 847. Rather, the court specifically instructs that the "ordinary user" is the proper objective standard. *Id.*; *see also Hayes*, 327 S.W.3d at 116 ("Our special-defect jurisprudence turns on the objective expectations of an 'ordinary user' who follows the 'normal course of travel.'" (quoting *Beynon*, 283 S.W.3d at 332)). The City cites to no authority suggesting that subjective knowledge and objective knowledge are interchangeable, or that proof of one will substitute as for proof of the other.[5]

Third, for this Court to read a subjective "unusual and unexpected" element into the statute as the City proposes, in spite of the Texas Supreme Court's refusal to do so, would render ordinary premises defects and special defects indistinguishable from one

---

[5] The City's reliance upon *City of Beaumont v. Lathan*, 346 S.W.3d 870 (Tex. App.—Beaumont 2011, pet. struck), and *Smith v. City of Sweeny*, No. 13-05-233-CV, 2006 WL 2371344 (Tex. App.—Corpus Christi Aug. 17, 2006, pet. denied) (mem. op.), with respect to this issue is misplaced. The *Lathan* court specifically found that the condition—debris along a street—was neither unexpected nor usual *to an ordinary motorist*, based upon photographic evidence. *Lathan*, 346 S.W.3d at 874. Similarly, the *Smith* court "assume[d], without determining, that appellant was an ordinary user," and that such a user would "likely expect" loose gravel on a roadway, especially when it was level with that roadway. *Smith*, 2006 WL 2371344, at *3, *4 n.1. Thus, *Lathan* and *Smith* do not stand for the proposition that a claimant's actual knowledge, standing alone, bars a section 101.022(b) claim.

another. There is no question that to establish liability for an ordinary premises defect under section 101.022(a), a claimant ultimately must prove, among other things, that she neither knew nor should have known of the condition or the risk involved. *See Payne*, 838 S.W.2d at 237 ("[The duty a premises owner owes to an licensee] requires that a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." (citing *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974), and RESTATEMENT (SECOND) OF TORTS § 342 (1965))). Such evidence is not required to establish liability for a special defect. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983) (discussing Texas Supreme Court's adoption of RESTATEMENT (SECOND) OF TORTS § 343 (1965) with respect to duty owed to invitees; noting that a premises owner's liability to an invitee "depends on whether [the premises owner] acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established"); RESTATEMENT (SECOND) OF TORTS § 343 (1965).[6] If a claimant must negate her own subjective knowledge to maintain a special defect case, this critical distinction between ordinary premises defects and special defects is eviscerated. Our conclusion on this matter is consistent with the express abandonment by Texas courts of the "no-duty" doctrine—a doctrine that relieves property owners of their duty to invitees regarding premises defects when those defects are actually known to the invitee—in favor of making an invitee's subjective knowledge relevant for comparative negligence purposes only. *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516–17, 520 (Tex. 1978).

Finally, even if we were to agree that Joh's knowledge of the uncovered utility hole could prevent her from alleging a special defect, Joh's knowledge of a hole in the

---

[6] Texas courts have never adopted Restatement (Second) of Torts section 343A, which discusses limited liability for injuries caused by known or obvious dangers. Even if adopted, section 343A recognizes that liability may attach if the premises owner "should anticipate the harm despite the obviousness of the danger."

middle of a crosswalk "at previous times" does not eliminate all questions of fact regarding her knowledge at the time of injury, particularly when Joh specifically pleaded that the hole was an "unexpected and unusual danger to the ordinary users of the roadway." The City asks this court to indulge the inference that actual knowledge on some prior occasion is evidence of actual knowledge on the date in question, but there is no evidence of how long prior to the day of Joh's injury she observed the condition, or whether the condition remained unchanged from the time she previously observed it. We find that the evidence of Joh's knowledge of the uncovered utility hole on prior occasions is insufficient to eliminate all questions of fact regarding actual knowledge on the day of her injury. Thus, even if Joh's lack of knowledge were a necessary fact of jurisdictional consequence, the issue would need to be resolved by the fact-finder, and the trial court still would have been beholden to deny the City's plea to the jurisdiction. *See Hayes*, 327 S.W.3d at 116.

The City's only argument on appeal for reversing the trial court's ruling on the City's plea to the jurisdiction is that Joh's subjective knowledge of the defect necessarily precludes her from alleging a special defect. Having rejected that argument, we overrule the City's issue.[7]

---

[7] We additionally note that, in almost every instance in which a court has examined an uncovered, man-made hole on a public street or a sidewalk adjacent to a street, those courts have determined that hole to be a special defect in the same class "as excavations or obstructions." *See, e.g.*, *Harris Cnty. v. Smoker*, 934 S.W.2d 714, 718–19 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (uncovered storm sewer located alongside road without sidewalk where a pedestrian normally would walk); *see also City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.—Austin 2006, no pet.) (uncovered water meter box, which formed a hole in downtown public sidewalk); *City of El Paso v. Chacon*, 148 S.W.3d 417, 424–25 (Tex. App.—El Paso 2004, pet. denied) ("large" and "gaping" hole in public sidewalk that previously contained a utility pole or traffic control device); *cf. Eaton*, 573 S.W.2d at 178–80 (six- to ten-inch-deep, oval-shaped pothole stretching across ninety percent of highway); *City of Denton v. Paper*, No. 02-10-00239, 2011 WL 1902022, *4–5 (Tex. App.—Fort Worth May 19, 2011, pet. filed) (mem. op.) (depressed hole several inches deep and abutting a steep, sharp "wall" or ledge of uncut street extending into part of road where ordinary users, including bicyclists, would travel and not expect it). *Compare with City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (eroded area of sidewalk, like a partially cracked and crumbled sidewalk step, was not defect of same kind or class as excavations or obstructions, in part, because eroded area was "no more unexpected and unusual a danger" than crumbled sidewalk step); *City of Richardson v. Justus*, 329 S.W.3d 662, 664–66 (Tex. App.—Dallas 2010, no pet.) (three-inch, naturally-occurring vertical separation in sidewalk is not same kind or class as an excavation or obstruction, and is not unexpected or unusual danger to ordinary sidewalk users); *Purvis v. City of Dallas*,

**CONCLUSION**

Having overruled the City's issue on appeal, we affirm the trial court's judgment.

/s/     Sharon McCally
           Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

---

No. 05-00-01062-CV, 2001 WL 717839, at *2–4 (Tex. App.—Dallas June 27, 2001, no pet.) (not designated for publication) (open manhole in grassy area frequently utilized by people walking between public sidewalk and parking lot and drop box was not special defect because it did not occur on surface of road and did not pose a threat to ordinary users of roadway or sidewalk). *But see Peterson*, 966 S.W.2d at 776 (broken steel plate covering a man-made drainage channel traversing width of downtown sidewalk was not special defect). After examining the body of authority regarding special defects, we conclude that this case does not present a close question. While not every hole is special, the uncovered utility hole at issue here is not merely an irregularity in the road that an ordinary pedestrian would expect to encounter in the crosswalk.